**In re Louis Christopher NOLFO, Debtor.**

**Linda K. Nolfo and Aaron Dubin, Movants,**

v.

**Louis C. Nolfo and Lee R. Elliott, Respondents.**

**No. 92–44125–293.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

July 24, 2002.

Allen I. Harris, St. Louis, MO, for Debtor.

Aaron Dubin, Pat L. Simmons, St. Louis, MO, for Movants.

Charles W. Riske, St. Louis, MO, Chapter 7 Trustee.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Debtor's attorney Lee R. Elliott filed a motion for contempt of court accusing Debtor's former spouse, Linda Nolfo, and her attorney, Aaron Dubin of violating the automatic stay in this case. That motion was denied in a previous order. Linda Nolfo and Aaron Dubin asserted that the motion for contempt was filed in bad faith. They filed a motion for sanctions against Debtor and Elliott asserting that they violated Rule 9011 of the Federal Rules of Bankruptcy Procedure.[1] Linda Nolfo and Dubin claim that the motion for contempt was filed for an improper purpose including to harass or to cause unnecessary delay or to needlessly increase in the cost of litigation. The Court finds that sanctions are not warranted in this matter.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

On June 11, 1992, Debtor Louis Christopher Nolfo filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330. On September 3, 1992, Debtor's counsel, Lee R. Elliott, filed a motion for contempt against Debtor's former spouse, Linda K. Nolfo and her attorney, Aaron Dubin. The motion accused them of violating the automatic stay. In response, on September 24, 1992, Linda Nolfo and Dubin filed a motion for sanctions against Debtor and Elliott asserting that the motion for contempt was aimed solely to harass which

---

1. Although the motion was filed seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure, the parties and the Court treated the motion as one under Rule 9011 of the Federal Rules of Bankruptcy Procedure.

violated Rule 9011 of the Federal Rules of Bankruptcy Procedure.

The motion for contempt was heard and denied. The motion for sanctions was heard and taken under submission.

## FACTUAL FINDINGS

The Court finds the following facts from the record and from evidence received at the hearing of this matter:

1. On February 15, 1991, after four years of dissolution proceedings, Louis and Linda Nolfo entered into a Separation Agreement and consented to a Decree of Dissolution.

2. The Decree of Dissolution divided the couple's interest in real estate at 9853 Green Valley Drive (the Green Valley property). The Decree awarded Linda Nolfo a 77.5 percent interest in the property and Debtor a 22.5 percent interest.

3. After the Decree was entered, Debtor filed motions to set aside the Decree. The motions were dismissed and Linda Nolfo was granted a sanction award of $500.00 and her attorneys' fees associated with that litigation.

4. In the summer of 1991, Linda Nolfo caused an execution to issue against Debtor's remaining interest in the Green Valley property in an effort to collect the sanction and attorneys' fees previously awarded. On August 27, 1991, a Sheriff's Sale was conducted of Debtor's interest. Debtor's counsel Lee Elliott attended the sale and placed the winning bid for his client Sharon Warnick (Warnick was Debtor's girlfriend at the time and later married Debtor). In September 1991, Warnick filed a lawsuit against Linda Nolfo seeking a partition of the Green Valley property. The result of that lawsuit is not in the Court's record.

5. Debtor filed for bankruptcy relief under Chapter 7 on June 11, 1992.

6. In August 1992, Linda Nolfo filed her own lawsuit seeking a partition of the Green Valley property. The case was titled "Petitioner's Motion to Enforce Sale of Real Estate." The style of the case listed Linda Nolfo as the petitioner and Louis Nolfo and Sharon Warnick as Respondents. Linda Nolfo filed a motion to tax costs to the Respondents for the cost of service.

7. On September 3, 1992, Lee Elliott filed a motion for contempt on behalf of Debtor. The motion alleged that Linda Nolfo and her attorney, Aaron Dubin, violated the automatic stay by filing the Motion to Enforce Sale of Real Estate and seeking costs all after Debtor had filed for bankruptcy relief.

8. At the time Debtor filed for bankruptcy in June 1992, he no longer had any clear interest in the Green Valley property. It had been sold at the Sheriff's Sale in August 1991. Debtor did not list the Green Valley property as an asset in Schedule A of his bankruptcy filing. However, Elliott asserted that Debtor had a lawsuit on appeal which challenged the validity of the Sheriff's Sale of the property and that therefore, Debtor still had an interest in the property which was protected by the automatic stay. The lawsuit was listed in Debtor's Schedule B and Schedule C. The lawsuit was solely against Aaron Dubin.

9. On September 24, 1992, Linda Nolfo and Dubin filed a motion for sanctions against Debtor and Elliott asserting that the motion for contempt was aimed solely to harass which violated of Rule 9011 of the Federal Rules of Bankruptcy Procedure.

10. The Court held a hearing of the motion for contempt. The motion was denied.

11. The motion for sanctions was heard on and taken under submission.

## DISCUSSION

Debtor and Linda Nolfo's divorce was protracted and acrimonious. Their attorneys, Lee Elliott and Aaron Dubin, became immersed in the process and filed a series of contempt and sanction motions against each other in the several courts that were the forum for the Nolfos' litigation. Before the Court is the last remaining issue in this bankruptcy case.

Under the Decree of Dissolution a piece of real estate known as the Green Valley property was divided between Linda Nolfo and Debtor. Linda Nolfo was granted a 77.5 percent interest in the property and Debtor was granted a 22.5 percent interest. As a result of a series of events, Debtor's then girlfriend, Sharon Warnick, purchased Debtor's interest in the property at a Sheriff's Sale of execution in August 1991. This made Warnick and Linda Nolfo joint owners of the property. Warnick then filed a lawsuit to partition the property in September 1991.

Debtor filed for bankruptcy relief in June 1992. At that time the Green Valley property was apparently still not partitioned because in August 1992, Linda Nolfo filed a lawsuit to enforce the sale of the property according to the terms of the Decree of Dissolution. The style of that lawsuit listed Linda Nolfo as the petitioner and Debtor and Sharon Warnick as the respondents. The text of the lawsuit also refers to Debtor as a respondent in the case. It does not state that the case is solely against Sharon Warnick.

Shortly after Linda Nolfo filed the suit, she submitted a motion seeking costs for the service of the suit. The motion did not specify that costs were sought only against respondent Warnick. If costs were awarded, the Court clerk would have awarded the costs against both respondents in the case, that is, Warnick and Debtor.

Based on Linda Nolfo's lawsuit naming him as a respondent, Debtor filed his motion for contempt with this Court on September 3, 1992. He alleged that the suit on its face was pursuing a judgment against him and that, at a minimum, Linda Nolfo sought costs for service against him during the time that the automatic stay was in place.

On September 24, 1992, Linda Nolfo filed a motion for sanctions against Debtor and his attorney, Lee Elliott, for their alleged bad faith filing of the motion for contempt in this bankruptcy case.

A hearing on the motion for contempt was held on September 25, 1992. Linda Nolfo's counsel Aaron Dubin acknowledged that he filed a lawsuit to enforce the sale of the Green Valley property after Debtor had filed for bankruptcy relief. He also acknowledged that Debtor was named as a respondent in the suit along with Warnick. But Dubin argued that he was not seeking any remedy against Debtor because he no longer had any interest in the Green Valley property. His interest had been sold to Warnick at the Sheriff's Sale. Dubin argued that Debtor was listed as a respondent in the case only because it was the style of the case in the divorce proceeding and he was trying to enforce the Dissolution Decree. Dubin asserted that suit was really only against Warnick and that his motion for costs was aimed only at Warnick and not at Debtor.

The Court notes that the text of Linda Nolfo's lawsuit did not explicitly state that Debtor was only a nominal respondent and that no relief was sought against him. Nor did the motion for costs state that costs were sought only against Warnick and not against co-respondent Debtor. A court clerk carrying out a cost order would

not be able to distinguish which respondent costs should be awarded against.

Because of Debtor's apparent lack of interest in the property and the fact that Dubin established that he was not seeking relief against Debtor, the Court denied Linda Nolfo's motion for contempt. Admittedly, Linda Nolfo's lawsuit was not a model of clarity as to who was a party to the action. On the face of the pleading Debtor was made a respondent, both in the style of the case and in the text. Nothing in the text explicitly limited the proceeding to be one solely against the co-respondent Warnick. The motion seeking costs, too, did not limit its request to a recovery only from Warnick. An award of costs would have been made against both named respondents, Warnick and Debtor. Dubin could easily have avoided any confusion in the matter by simply filing a motion for relief from this Court. He did not do so. The manner in which Dubin filed the suit was partially responsible for triggering the contempt motion filed by Debtor and Elliott.

Linda Nolfo and Dubin filed a motion for sanctions against Debtor and his attorney Elliott accusing them of filing the contempt motion in bad faith. Linda Nolfo argued that because Debtor no longer had any interest in the Green Valley property, it was not part of the estate. She alleges that Debtor's motion for contempt was therefore without merit. That motion was heard on November 9, 1992. As stated above, although the Court declined to find Linda Nolfo in contempt, her less than artful pleading and motion in state court was at least partially responsible for Debtor's colorable motion for contempt.

Debtor and Elliott are not free from blame for the contentious nature of this bankruptcy proceeding. Although the Green Valley property was no longer a real estate asset of Debtor's estate, it was tangentially included in a lawsuit by Debtor against Dubin. That lawsuit was on appeal at the time of the hearing of this matter. There was a very faint, distant, remote, and minuscule likelihood that the appeal result could resurrect Debtor's interest in the property. Such a likelihood combined with Linda Nolfo's inartful state pleading allows Debtor and Elliott to escape, by the finest whisker, sanctions in this matter.

Accordingly, the Court will deny Linda Nolfo and Aaron Dubin's motion for sanctions against Debtor and Lee Elliott.

An Order consistent with this Memorandum Opinion will be entered this date.